# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL DAVIS,

    *Plaintiff,*

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    *Defendant.*

Case No. 14-1230-EFM

## MEMORANDUM AND ORDER

Plaintiff Michael Davis seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges that the administrative law judge ("ALJ") erred in determining his residual functional capacity ("RFC") because it was not supported by substantial evidence and erred by failing to conduct a proper credibility analysis. Having reviewed the record, and as described below, the Court affirms the order of the Commissioner.

### I.     Factual and Procedural Background

Michael Davis was born on December 17, 1955. On September 28, 2010, Davis applied for disability insurance nenefits alleging a disability beginning on January 1, 2003. At the hearing before the ALJ, Davis verbally amended his alleged onset date to December 17, 2005.

Davis alleged that he was unable to work due to: hepatitis C; back, neck, shoulder, and arm pain; sleeplessness; depression and lack of concentration; and arthritis. His application was denied initially and upon reconsideration. Davis then asked for a hearing before an ALJ.

ALJ Joseph Doyle conducted an administrative hearing on March 14, 2012. Davis was represented by counsel at this hearing, and Davis testified about his medical conditions. The ALJ also heard from a vocational expert.

On August 24, 2012, the ALJ issued his written decision, finding that Davis had not engaged in substantial gainful activity from the onset date of December 17, 2005, through his last insured date of September 30, 2006. The ALJ found that Davis suffered from degenerative disc disease, left shoulder impingement, and status post throat surgery.[1] The ALJ determined that Davis's impairment or combination of impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ determined that Davis had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except that he could never climb ladders, ropes, or scaffolds, occasionally climb ramps or stairs, and occasionally stoop, kneel, crouch, and crawl. He could occasionally engage in overhead reaching bilaterally. He was limited to occupations that require only occasional verbal communication.

The ALJ then determined that Davis was unable to perform his past relevant work. However, considering Davis's age, education, work experience, and RFC, the ALJ determined that jobs existed in the national economy that Davis could have performed. Thus, the ALJ concluded that Davis had not been under a disability during the relevant time period.

---

[1] The ALJ found that Davis suffered from other impairments, but none of these impairments were severe during the relevant period.

Given the unfavorable result, Davis requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Davis's request on May 28, 2014. Accordingly, the ALJ's August 2012 decision became the final decision of the Commissioner.

Davis filed a complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and either the grant of benefits or remand to the Commissioner for a new administrative hearing. Because Davis has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[2] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[3] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[4] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[5]

An individual is under a disability only if he can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is

---

[2] 42 U.S.C. § 405(g).

[3] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[4] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[5] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

expected to result in death or to last for a continuous period of at least twelve months."[6]  This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[7]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[8]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[9]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[10]  If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[11]

---

[6] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[7] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[8] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[9] *Barkley*, 2010 WL 3001753, at *2.

[10] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[11] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[12] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[13] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[14]

### III.  Analysis

Plaintiff asserts two arguments. First, Plaintiff contends that the ALJ erred in determining his RFC because it was not supported by substantial evidence. Next, Plaintiff asserts that the ALJ erred in determining that he was not fully credible.

#### A.  Plaintiff's RFC

Plaintiff first argues that the ALJ failed to properly determine his RFC because substantial evidence in the record did not support the ALJ's finding and because the ALJ failed to link the RFC to medical and non-medical evidence of record. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."[15] The RFC assessment, however, "does not require citation to medical opinion,

---

[12] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[13] *Lax*, 489 F.3d at 1084.

[14] *Id*.

[15] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (Soc. Sec. Admin. July 2, 1996); *see also Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

or even to medical *evidence* in the administrative record for each RFC limitation assessed."[16] "[I]t is Plaintiff's burden to prove what his *limitations* are, not the Commissioner's burden to prove what Plaintiff's *capabilities* are."[17]

In this case, the ALJ lists the medical and non-medical evidence relating to Plaintiff's limitations. The ALJ discusses Plaintiff's complaints and credibility. The ALJ notes that with regard to the relevant period (December 2005 through September 2006) there was little to no supporting evidence of Plaintiff's physical ailments. In addition, the ALJ states that much of the evidence after the relevant period did not support Plaintiff's alleged functional limitations. The ALJ notes the medical source opinions and what weight he gives those opinions. Three physicians concluded that there was insufficient evidence to determine whether Plaintiff had several impairments during the relevant period. The ALJ notes this fact and determined that while these three opinions were "defensible," he would give Plaintiff the benefit of the doubt and incorporate some limitations into Plaintiff's RFC.

The ALJ stated that he gave great weight to two opinions. One of these opinions, Dr. Raclaw's, is an acceptable medical source, and the ALJ noted that Dr. Raclaw's conclusions were consistent with the weight of the evidence. The ALJ also gave great weight to another opinion, Sarah Lewis, a non-medical reviewing source. Plaintiff complains that the ALJ inappropriately gave great weight to this opinion because Ms. Lewis was not a medical expert. The ALJ, however, noted that Ms. Lewis was not an acceptable medical source. Nevertheless, the ALJ concluded that her opinion was consistent with the record. Furthermore, there was no prejudice to Plaintiff by the ALJ giving great weight to Ms. Lewis's opinion, and the ALJ's

---

[16] *Teneyck v. Astrue*, 2012 WL 1901285, *8 (D. Kan. May 25, 2012) (citation omitted).

[17] *Id.* at *9 (citing *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)).

finding benefitted Plaintiff.[18] Here, because there was a dearth of medical evidence supporting Plaintiff's claim of disability during the relevant time period, the ALJ could have relied upon the three medical consultant's opinions that found that there was insufficient evidence to determine that Plaintiff had a severe impairment during the relevant time period.[19] Instead, the ALJ gave Plaintiff the benefit of the doubt and incorporated limitations into his RFC based on the totality of the record. In sum, the ALJ cites to the evidence in the record and adequately explains and links his RFC assessment to that evidence.

### B. Plaintiff's Credibility

Plaintiff next alleges that the ALJ erred by failing to conduct a proper credibility analysis as required by Social Security Ruling 96-7p[20] and *Luna v. Bowen*,[21] in that the ALJ improperly disregarded Plaintiff's statements regarding his limitations. Plaintiff's argument is without merit.

Recognizing that "some claimants exaggerate symptoms for the purposes of obtaining government benefits,"[22] an ALJ's credibility determinations are generally treated as binding on review.[23] "Credibility determinations are peculiarly the province of the finder of fact" and will

---

[18] *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012) (noting that giving greater weight to an opinion would not have helped the claimant and thus the ALJ's alleged error did not prejudice the plaintiff). In this case, giving less weight to Ms. Lewis's opinion would not have helped Plaintiff.

[19] *See Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008) (finding that the ALJ did not err in adopting the state medical consultant's finding that Plaintiff did not have a severe impairment when there was no medical evidence in the record to support the impairment).

[20] Soc. Sec. Rul. 96-7p, 1996 WL 374186 (Soc. Sec. Admin. July 2, 1996).

[21] 834 F.2d 161 (10th Cir. 1987).

[22] *Bolan v. Barnart*, 212 F. Supp. 2d 1248, 1260 (D. Kan. 2002) (citing *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987)).

[23] *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).

not be overturned when supported by substantial evidence.[24]  The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[25]  However, notwithstanding the deference generally given to an ALJ's credibility determination, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[26]

In evaluating a disability claim based on nonexertional symptoms, including pain, the ALJ must first determine whether the objective medical evidence demonstrates that a claimant suffers from an underlying medically determinable physical or mental impairment.[27]  If so, the ALJ must consider the relationship between the impairment and the alleged nonexertional limitation.[28]  If a loose nexus exists, the ALJ must then consider all the evidence, both objective and subjective, in determining whether a claimant's limitation is disabling.[29]  Factors that may be relevant in assessing the claimant's testimony include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of non-medical testimony with objective medical evidence.[30]

---

[24] *Wilson*, 602 F.3d at 1144; *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

[25] *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

[26] *Wilson*, 602 F.3d at 1144 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1998)).

[27] *Luna*, 834 F.2d at 163.

[28] *Id.* at 164.

[29] *Id*.

[30] *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (quotation marks and citation omitted).

In this case, the ALJ found that Plaintiff's statements regarding his impairments were "not fully credible in light of his available medical history, the reports of treating and examining medical professionals, the degree of medical treatment required to manage the claimant's impairments, and evidence of the claimant's capabilities with respect to his activities and overall lifestyle." He also stated that although Plaintiff alleged many physical and associated mental symptoms, there was little to no supporting evidence. The ALJ then went on to discuss and note the 2003 medical evidence (prior to the relevant time period of December 2005 through September 2006), the 2006 medical evidence (very little), and the 2010 medical evidence (subsequent to the relevant time period). He noted whether the medical evidence was consistent or inconsistent with Plaintiff's complaints of debilitating ailments. The ALJ discussed Plaintiff's daily activities. In addition, the ALJ noted Plaintiff's physical appearance and demeanor at the hearing. Finally, the ALJ referenced Social Security Ruling 96-7p, and those relevant factors, in determining Plaintiff's credibility.

Based on a review of the record, this Court determines that the ALJ articulated specific reasons for finding Plaintiff not fully credible, and these reasons are affirmatively linked to evidence in the record. As stated above, the Court will not reweigh the evidence or substitute its own judgment for that of the ALJ.[31] Accordingly, Plaintiff's assignment of error with regard to credibility is without merit.

---

[31] *Hackett*, 395 F.3d at 1173.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 3rd day of September, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE